**BACHE HALSEY STUART SHIELDS INCORPORATED, a Delaware corporation, Plaintiff,**

v.

**Bradley KILLOP, Defendant.**

Civ. A. No. 76–71928.

United States District Court, E.D. Michigan, S.D.

June 13, 1984.

Lawrence S. Cohen, Southfield, Mich., for defendant.

Sidney Berman, Fischer, Franklin, Ford, Simon & Hogg, Detroit, Mich., for plaintiff.

### MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on defendant's motion to set aside the Magistrate's order appointing a receiver to administer defendant's assets. The referral of the case to the Magistrate was occasioned by plaintiff's filing of a Motion for Proceedings Supplementary to Judgment. For the reasons stated herein, the motion to set aside the Magistrate's order is denied.

### FACTS AND PROCEDURAL HISTORY OF THE CASE

The complaint that initiated this lawsuit was filed in September of 1976. Plaintiff is a securities brokerage firm, and sought to recover from defendant, one of its customers, for funds owing on a general margin account. On March 12, 1981, a consent judgment was entered against defendant in the amount of $17,000, of which $2,500 was paid to plaintiff at the time of entry, with the remainder to be paid in monthly install-

ments. Defendant failed to make any further payments.

In October of 1983, plaintiff deposed defendant in order to discover what assets of defendant might be available to satisfy the judgment. Plaintiff's testimony revealed that he had an annual salary in excess of $100,000, that he received bonuses and other significant fringe benefits from his employer, and that he owned a home jointly with his wife which had an assessed value of more than $100,000. Plaintiff further testified that he maintained no bank account in his own name at the time that the deposition was taken, that he had none of the records of the bank account(s) that he maintained prior to 1980, and that at the time that the deposition was taken, he had only $5.00 in cash.

Defendant testified that whenever he received salary checks, he cashed them and gave the proceeds to his wife. He stated that he did not know where his wife banks or what amounts were contained in her bank accounts.

Most significantly, defendant testified that he executed a promissory note to his employer, Evans Industries, on December 26, 1979, in the amount of $293,586. In exchange, defendant received checks totaling $293,586, which he cashed. He testified that he spent the money but could not recall how he spent it. He further testified that he was no longer in possession of any of the property he acquired with the cash.

Evans entered into a wage assignment with defendant in June of 1983, by which Evans would deduct a portion of defendant's wages in repayment of the note. The agreement was executed between Evans and defendant on the same day that plaintiff served a writ of garnishment upon Evans. Plaintiff has been unable to recover anything by way of the writ.

On November 16, 1983, plaintiff filed its Motion for Proceedings Supplementary to Judgment, requesting that a receiver be appointed to take charge over defendant's earnings and other assets in order to satisfy the judgment. The matter was referred to Honorable Steven Pepe, United States Magistrate, pursuant to the additional duties clause of the Magistrate's Act, 28 U.S.C. § 636(b)(3) [1] and Rule C–1(i)(17) [2] of

---

**1.** Section 636(b) provides as follows:

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

(2) A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

(4) Each district court shall establish rules pursuant to which the magistrates shall discharge their duties.

---

**2.** See note 2 on page 392.

the Local Rules of this Court. In a Memorandum and Order issued on March 12, 1984, the Magistrate ordered the appointment of Richard Hollifield as receiver of defendant's property, and directed the receiver to administer the property in such a manner as to satisfy the judgment. The Magistrate specifically provided that only 25% of defendant's aggregate "disposable earnings", as that term is defined under the Consumer Credit Protection Act, 15 U.S.C. § 1672(b), shall be withheld for payment of any debt and available for disbursement to the plaintiff. The Magistrate further ordered that in determining the aggregate disposable earnings of defendant, the receiver shall deduct "any presently existing and good faith wage assignments to defendant's employer in payment of a *bona fide*, valid, pre-existing and paramount obligation," (emphasis in original).

Defendant has moved to set aside the Magistrate's order under Local Rule C–4(a), advancing two principal arguments. First, defendant asserts that the Magistrate was without authority to appoint the receiver, because nothing in the Magistrate's Act, 28 U.S.C. § 631 *et. seq.*, Federal Rule of Civil Procedure 72, nor Local Rule C–1 provides for the power of appointing receivers. Defendant further argues that the appointment of the receiver constituted

the granting of injunctive relief in favor of the plaintiff, which is expressly prohibited by 28 U.S.C. § 636(b)(1)(A). Second, defendant argues that the appointment of the receiver to divert income in excess of that which defendant is already obligated to pay to his employer under the terms of the wage assignment constitutes a garnishment in violation of § 1673(a) of the Consumer Credit Protection Act.

## DISCUSSION

### *The authority of the Magistrate to appoint the receiver.*

Federal Rule of Civil Procedure 69 provides in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Consequently, this court is directed to the laws of Michigan governing post-judgment proceedings. M.C.L.A. 600.6104 empowers courts to appoint a receiver on application of a judgment creditor.[3]

---

**2.** Pursuant to the directive of subsection (b)(4), this Court has adopted Appendix C of the Local Rules for the United States District Court for the Eastern District of Michigan, which governs the authority of and assignment of matters to magistrates. Rule C–1 c provides that a Magistrate "may hear and determine any procedural or discovery motion or other pretrial matter ... other than the motions which are specified in Rule C–1 d. Rule C–1 d, in turn, sets forth those matters enumerated in § 636(b)(1)(A). Rule C–1 i establishes "other duties" of the Magistrates, which include general supervision of civil and criminal calendars, conducting pretrial conferences, settlement conferences, and arraignments, and issuing subpoenas, writs of habeas corpus and other orders necessary to obtain the presence of parties. Rule C–1(i)(17) provides that a Magistrate is also authorized to "Perform any additional duty as is not inconsistent with the Constitution and laws of the United States."

Neither the governing statute, nor the Local Rules makes express reference to supplementary proceedings in aid of judgment.

**3.** M.C.L.A. 600.6104 provides as follows:

After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:

(1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;

(2) Prevent the transfer of any property, money, or things in action, liquidated or unliquidated, not exempt from execution;

(3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;

(4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and

(5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Thus, if this matter was properly referred to the Magistrate, the Magistrate had authority under controlling federal and state statutory law to appoint the receiver.

Section 636 of the Magistrate's Act, as well as Fed.R.Civ.P. 72, contemplates a two-pronged procedure whereby matters can be referred to a magistrate for consideration. With respect to "non-dispositive matters", the most common of which relate to discovery, the magistrate may hear and resolve the matter by issuance of an order. The parties may then take an appeal of that ruling to the district court. With respect to "dispositive matters", which are enumerated in § 636(b)(1)(A), the magistrate may conduct hearings, and submit to the judge proposed findings of fact and recommendations of law.

In this case, plaintiff's motion for post-judgment relief was referred to the Magistrate as a "non-dispositive" matter. The Magistrate was directed to dispose of the motion by order, and was not to submit a report and recommendation. The question presented by defendant's motion to set aside the order is whether this court had authority to refer the motion to the Magistrate for disposition.

■ Although § 636 does not expressly provide for disposition by the magistrate of post-judgment proceedings, this court concludes that such disposition comes within the "additional duties" clause of § 636. As the Supreme Court has stated, the clause was enacted by Congress to increase the scope of responsibilities of magistrates, as part of a plan to increase the overall efficiency of the federal judiciary, *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Magistrates are not limited to the three powers enumerated in subsection (a), *Wedding v. Wingo*, 483 F.2d 1131 (6th Cir.1973), *aff'd* 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974). The court concludes that supervision of the collection efforts of a judgment creditor is precisely the kind of judicial activity that Congress contemplated when it adopted the "additional duties" clause. Efforts undertaken by the Magistrate in furtherance of effectuating the judgment result in considerable savings of the court's time, without impinging upon the responsibility of the district judge to render all final decisions regarding issues of liability and damages.

■ Defendant argues, without citation to authority, that the Magistrate's appointment of the receiver, who is imbued with power to assume control over all of defendant's assets, and manage those assets so that the judgment is satisfied and defendant's basic financial needs are met, amounts to injunctive relief. Section 636(b)(1)(A) specifically provides that a judge may not designate a magistrate to determine "a motion for injunctive relief". *See United Steelworkers of America, A.F. L.-C.I.O. v. Bishop*, 598 F.2d 408 (5th Cir. 1979).

The court concludes that the appointment of the receiver by the Magistrate did not constitute the exercise of injunctive powers. The fact that the Magistrate has ordered defendant to undertake an affirmative act does not, by itself, render the order one for injunctive relief. If such a broad construction were given to the term "injunctive relief", as it is used in the statute, then the Magistrate would be without authority to rule on discovery motions, which usually involve requests that the non-moving party be compelled to produce certain documents, or answer interrogatories, or submit to a deposition.

Rather, the court construes the term "injunctive relief", as it is used in § 636(b)(1)(A), to refer to a coercive order that compels or prohibits particular conduct *and* establishes the rights and obligations of the parties. In this case, the rights and obligations of the parties were already established by the consent judgment, entered

---

The court may permit the proceedings under this chapter to be taken although execution may not issue and other proceedings may not be taken for the enforcement of the judg-

ment. It is not necessary that execution be returned unsatisfied before proceedings under this chapter are commenced.

in March, 1981. The distinction which the court draws in this case is one between an order which resolves what is to be done (the setting of rights and obligations) and how it is to be done (post-judgment relief in aid of judgment). Because the order of the Magistrate fell clearly into the latter category, the court concludes that it was not "injunctive relief" for the purposes of the statute. The order constitutes a valid exercise of the Magistrate's authority under § 636.

In the event that this court's reading of the statute is not correct, the court rules in the alternative that the Magistrate's Memorandum Opinion and Order will be treated as a report and recommendation, and that the findings therein are adopted.

### Compliance with the Consumer Credit Protection Act.

Defendant argues that the Magistrate's appointment of the receiver, and his instruction that the receiver use up to but no more than 25% of the defendant's disposable earnings (determined after subtracting any amounts that defendant is obligated to pay his employer under a valid wage assignment) constitutes a violation of the Consumer Credit Act, which provides in pertinent part as follows:

§ 1673

(a) **Maximum allowable garnishment.** Except as provided in subsection (b) and in section 305 [15 USCS § 1675], the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act of 1938 [29 USCS § 206(a)(1) ] in effect at the time the earnings are payable,

whichever is less.

"Garnishment" is defined by § 1672(c) as "any legal or equitable procedure through which earnings of any individual are required to be withheld for the payment of any debt."

Defendant argues that, because he has already assigned 25% of his disposable earnings to his employer, the remainder of his wages are exempt from garnishment under § 1673(a)(1), and therefore are not available for satisfaction of the judgment debt. This argument necessarily presumes that both the wage assignment and the appointment of the receiver are garnishment procedures.

■ Although the meaning of "garnishment" as it is used in the statute may indeed be broad enough to encompass the appointment of a receiver, *see Hodgson v. Christopher*, 365 F.Supp. 583 (D.N.D.1973) (term applies to proceedings in aid of execution as well as attachment proceedings), at least two courts have concluded that voluntary wage assignments are not a form of garnishment, *Western v. Hodgson*, 494 F.2d 379 (4th Cir.1974); *Atwater v. Roudebush*, 452 F.Supp. 622 (N.D.Ill.1976). Those courts recognized that garnishment contemplates an involuntary procedure, from the perspective of the principal debtor. The obvious reason for such a reading of the statute is that a debtor should not be permitted to use § 1673 to prefer his employer, or any other creditor, to those creditors such as plaintiff in this case who have pursued their claims to judgment, simply by executing a voluntary wage assignment. Yet that is precisely what defendant is attempting to accomplish. Further, in light of history of this case, it is apparent that the wage assignment between defendant and Evans, executed at the eleventh hour, was undertaken precisely for the purpose of frustrating the satisfaction of the judgment in this case.

Defendant relies upon *Marshall v. District Court for the Forty-First-b Judicial District of Michigan*, 444 F.Supp. 1110 (E.D.Mich.1978). Judge Guy held in that case that an "order of wage assignment", entered by the Michigan court, for the purposes of providing support to the employ-

ee's divorced wife and minor children, constituted a garnishment for the purposes of § 1673. The distinction with the instant case is obvious. In *Marshall,* the principal debtor, seeking to avoid what he argued was excess garnishment, was under a court order to assign his wages. In the instant case, the defendant entered into a voluntary wage assignment with his employer. The distinction between voluntary assignments and coercive assignments undertaken by dint of court order is dispositive of the availability of relief under § 1673.

Finally, defendant relies upon *Sears Roebuck v. A.T. & G. Co.,* 66 Mich.App. 359, 239 N.W.2d 614 (1976), which held that garnishment in a situation essentially identical to the instant case was prohibited by § 1673 and Michigan GCR 738.6.[4] The district court rule applied in *Sears* established a priority in favor of the garnishee employer over the garnishor creditor, when the garnishee had filed with the clerk of the court a disclosure of the debt owed by the principal defendant to the garnishee within 6 days of the institution of the garnishment proceedings. A divided panel of the Court of Appeals concluded that, if an employee had assigned more than 25% of his disposable income to his employer, a judgment creditor could not garnish anything from the remaining wages. The opinion necessarily concluded that the voluntary wage assignment executed between the employee and garnishee employer constituted a prior garnishment, thus precluding garnishment by the judgment creditor by operation of § 1673.

To the extent that *Sears* contradicts the holdings in *Western, supra,* and *Atwater, supra,* this court declines to follow the Michigan Court of Appeals' interpretation of the federal statute.

For the foregoing reasons, the motion to set aside the Magistrate's Order Appointing the Receiver is denied.

SO ORDERED.

---

**4.** Michigan GCR 738.6 provided, at the time that the *Sears* case was decided, as follows:

> **.6** Disclosure. The garnishee shall file with the clerk of court a disclosure under oath within 6 days after the date of the service of the writ upon him. The disclosure shall reveal any liability to the principal defendant as specified in sub-rule 738.5, and, except as to claims for unliquidated damages for wrongs or injuries, may claim any set-off of which the

garnishee could have availed himself against the principal defendant if he had not been garnisheed. Unless the plaintiff takes further steps as authorized by these rules within 10 days after the receipt of notice of the filing of the garnishee's disclosure, the disclosure shall be held to be sufficient.

The rule has since been amended to provide the garnishee with 15 days in which to file its notice of disclosure.