LynEx v. Dumouchel                    CV-97-493-M   07/14/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


LynEx Associates, Inc.,
     Plaintiff

     v.                                        Civil No. 97-493-M

Rejean Dumouchel,
     Defendant


**O R D E R**


Plaintiff, a judgment creditor, objected to the Magistrate Judge's ruling on its motion for an order requiring defendant to make periodic payments in satisfaction of a substantial judgment obtained against him ($843,710.00).  Essentially, plaintiff claims that the Magistrate Judge's order, requiring plaintiff to pay $250.00 per month, is "contrary to law" and "clearly erroneous," because plaintiff can afford to pay more.

Supervising judgment collection efforts is a matter properly falling within the Magistrate Judge's statutorily authorized "additional duties."  See 28 U.S.C. § 636(b)(3); Bache Halsey Stuart Shields, Inc. v. Killop, 589 F. Supp. 390 (D.C. Mich. 1984).  And, under Federal Rule of Civil Procedure 69, proceedings in aid of execution on a judgment shall be in accordance with the practice and procedure of the state in which the district court sits.

In New Hampshire, a judgment debtor may be ordered to make periodic payments on a judgment in such amounts "as the court in its discretion deems appropriate" after inquiring into the

defendant's ability to pay.  N.H. Rev. Stat. Ann. § 534:6-a (Supp. 1996).  "The purpose of an inquiry pursuant to RSA 524:6-a is . . . to determine whether a debtor has property or income not needed for the necessities of life from which a judgment may be paid."  <u>Sheedy v. Merrimack County Superior Court</u>, 128 N.H. 51, 55 (1986).

Plaintiff's disappointment is rooted in the fact that defendant earns a bit over $100,000.00 annually, has no tangible assets of significant value that can be seized and applied to satisfy its judgment, has lived with his wife in a comfortable home that she has owned since 1990 (no fraudulent transfer claim is made), pays a substantial amount on a note (secured by the home) on which he is personally liable, and spends a substantial amount on real estate taxes, insurance, electricity and upkeep associated with the home.  Taking all of this, and the other proffers made and evidence presented, into account, the Magistrate Judge exercised his discretion and determined that plaintiff had income available in excess of that needed to provide for the necessities of life, and so ordered periodic payments.  The Magistrate Judge deemed it appropriate that defendant pay $250.00 per month toward satisfaction of the judgment.  The concept "necessities of life" is, under New Hampshire law, imprecisely defined, probably by design.  There is no hard and fast rule establishing a typical cost of defined necessities, but necessities certainly include food, shelter, clothing, taxes, transportation, family and spousal support.

2

Plaintiff agrees, but argues that the issue is one of degree rather than category — that the touchstone should be a reasonable standard of living and not one of opulence.

Plaintiff's point is well taken, but under New Hampshire law, the deciding judge enjoys very broad discretion in determining whether and to what extent a judgment debtor can afford periodic payments, and, what periodic payment amount would be "appropriate." The decision is essentially an equitable one, left to the discretion of the judge — not a legal one aimed at discerning between assets protected from seizure and those not protected.

While I might agree that $250.00 a month is perhaps less than defendant appears to be able to pay under the circumstances, the Magistrate's determination does not rise to the level of abuse of discretion. That figure is probably near the low end of the range of reasonableness, but within the boundary, particularly considering that defendant lives in the same house he has occupied for at least a decade (and probably longer), and the Magistrate Judge could reasonably have considered it "inappropriate" from an equitable perspective to impose a requirement that, as a practical matter, might well lead to the necessity of selling the family's long time home (a collection option not available directly to plaintiff).

To be sure, many of defendant's listed expenses are for amenities and comfort that are not strictly required to subsist. But a subsistence level lifestyle has never been required by New

3

Hampshire's courts as the measure against which income available to pay periodically on a judgment is to be measured. Basically, fixing periodic payments is an exercise in balanced fairness, reasonableness, and discretion, to be exercised by the deciding judge. While that discretion might be exercised differently by different judges, under these circumstances I cannot find that the Magistrate Judge's determination has been shown to constitute an abuse of discretion or to be either contrary to law or clearly erroneous. (The plaintiff seeks review under the "contrary to law" and "clearly erroneous" standards of 18 U.S.C. § 636(b)(1)(A).)

Accordingly, I decline to overrule the Magistrate Judge's decision. Obviously, if circumstances change plaintiff is free to seek a modification of the periodic payment order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 14, 1999

cc:  Frank P. Spinella, Jr., Esq.
     William R. Mason, Esq.

4