**UNITED STATES of America for the Use of DUO METAL AND IRON WORKS, INC.**

v.

**S. T. C. CONSTRUCTION COMPANY et al.**

**Civ. A. No. 77–2961.**

United States District Court, E. D. Pennsylvania.

May 31, 1979.

---

**20.** DeFrates Aff. ¶ 5.

**21.** *Id.* at ¶ 8.

**22.** Gist Dep., pp. 186–87.

**23.** Hufnagel Aff. ¶¶ 6 and 7.

Steven Warm, Willingboro, N. J., for plaintiff.

Kenneth M. Cushman, Robert A. Prentice, Philadelphia, Pa., for Ins. Co. of North America.

Norman E. Lehrer, Duffield & Lehrer, Philadelphia, Pa., for S. T. C. Construction Co.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

The motion of S.T.C. Construction Company to compel arbitration and to stay the Court's proceedings is DENIED.

■ On August 26, 1978, plaintiff Duo Metal and Iron Works, Inc. (Duo Metal) filed a complaint against S.T.C. and the Insurance Company of North America (I.N.A.) under the provisions of the Miller Act, 40 U.S.C.A. § 270a, et seq. On October 3, 1977, S.T.C. answered the complaint and filed a counterclaim against Duo Metals. On March 12, 1979, S.T.C. filed a motion for an order to compel arbitration of the matters in dispute and to stay the civil proceedings. In view of the extensive discovery which has been conducted, with S.T.C.'s active participation, as well as the lengthy time span from the filing of the complaint to the motion to compel arbitration, the granting of this motion would prejudice the interests of the remaining parties. The Court holds that S.T.C. has waived its contractual right to have disputes arising out of this construction contract settled by arbitration.

■ Under federal law, 9 U.S.C.A. § 1, et seq., arbitration is a favored policy for the resolution of disputes in the commercial context; hence, waiver of the contractual right to arbitration "is not to be lightly inferred . . . ." *Carcich v. Rederi A/B Nordie,* 389 F.2d 692, 696 (2nd Cir. 1968). Following the rule established in *Carcich, supra, Gavlik Construction Co. v. H. F. Campbell Co.,* 526 F.2d 777 (3d Cir. 1975) requires a showing of prejudice to parties opposing the motion for arbitration in order to establish waiver. The *Gavlik* Court stated:

"Recent cases have only found waiver where the demand for arbitration came long after the suit commenced and when

both parties had engaged in extensive discovery. *Id.,* at 783.''

Respondent I.N.A. bases its waiver argument in part upon S.T.C.'s answering the Duo Metals complaint and asserting a counterclaim, without raising arbitration as a defense or requesting a stay of the civil proceedings. Invoking the legal process and later insisting upon arbitration may be inconsistent, but this is not determinative of the waiver issue. *Gavlik, supra,* 526 F.2d at 783. Still, S.T.C. did not assert its right to arbitration until nineteen months after commencement of this suit, and during this period the parties have engaged in extensive discovery. S.T.C. has answered interrogatories propounded by defendant I.N.A. and plaintiff Duo Metals, and it has produced many documents. Also, S.T.C. has taken a sworn deposition of Salvatore Cocivera, an officer of Duo Metals, and has participated in several pretrial conferences. Additionally, I.N.A. has expended considerable effort and expense in conducting that discovery. Following pretrial conferences, the Court has twice ordered the parties to be prepared to commence trial proceedings by specific dates. In view of the advanced stage of trial preparation, granting S.T.C.'s motion for arbitration would certainly prejudice the remaining parties.

 The basic purpose of the Arbitration Act is to promote the speedy disposition of disputes without the expense and delay of extended court proceedings. *Aerojet-General Corp. v. American Arbitration Association,* 478 F.2d 248 (9th Cir. 1973). Rather than promoting this objective, the granting of S.T.C.'s motion would be inefficient; it would require the parties to prepare for and engage in arbitration after they have prepared to settle this dispute in Court. The opportunity offered by arbitration to avoid the expense of litigation is no longer available.

Finally, Duo Metals having failed to enter a responsive pleading to S.T.C.'s counterclaim, a default against Duo Metals has been entered in accordance with F.R.Civ.P. 55(a). Because this component of the dispute cannot be dealt with at arbitration, an equitable and mutually agreeable settlement may prove difficult to fashion through arbitration. In all likelihood, the parties to the contract did not contemplate that a significant portion of the issues which have arisen would be settled by a court, while the remainder would be settled by an arbitrator who is now precluded from considering the entire problem. This would indeed prejudice the interests of the remaining parties.

Because staying the civil proceedings and ordering arbitration would unduly prejudice the remaining parties, which have expended considerable effort and expense in preparing the court action, the motion must be denied.

AND IT IS SO ORDERED.