**GRAPETREE SHORES, INC., Appellant**
**v.**
**JACK EHLEITER, Appellee**

Sup. Ct. Civ. 190/2001

District Court of the Virgin Islands

Division of St. Croix

March 24, 2006

*For Appellant*: SIMONE R.D. FRANCIS, ESQ., St. Thomas, U.S.V.I.

*For Appellee*: JOEL H. HOLT, ESQ., St. Croix U.S.V.I.

FINCH, *Chief Judge, District Court of the Virgin Islands*; BROTMAN, *Senior Judge of the U.S. District Court (N.J.), Sitting by Special Designation*; and THOMAS, *Judge of the Superior Court, Sitting by Designation.*[1]

## MEMORANDUM OPINION

(March 24, 2006)

Appellant Grapetree Shores, Inc. ("GSI" or "Appellant") challenges the trial court's determination that its prolonged and active participation in litigating the underlying civil action effected a waiver of its right to arbitration. GSI additionally challenges the authority of the trial court to

---

[1]  Judge Thomas was recused from hearing the matter.

decide that issue in the first instance. The following issues are presented on appeal:

1.   Whether the trial court acted contrary to law by failing to allow an arbitrator to consider whether GSI had waived its right to have the merits of the underlying claims decided by an arbitrator;

2.   Whether the trial court's factual finding that GSI waived its ability to seek arbitration of the appellee's claims was clearly erroneous.

The appellee additionally questions GSI's standing to raise the arbitration defense, arguing it was not a signatory to the arbitration agreement and, therefore, could not enforce that contract.

For the reasons more fully stated below, this Court holds that the issue of waiver was properly before the trial court under the facts of this case and, further, that the court did not err in its determination of waiver. Accordingly, the order denying a stay of proceedings will be affirmed.

## I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

The relevant facts of this case are as follows. GSI leased a portion of its hotel property to Treasure Bay V.I. Corp. ("TBVI") to operate the Divi Carina Bay Casino. [Joint Appendix ("J.A.") Vol. I at 90-99]. As part of that agreement, GSI agreed to complete construction of the leased property for use as a casino. [*Id.*]. The casino property was turned over for TBVI's use in March, 2000.

After TBVI commenced its casino operation, it employed the appellee, Jack Ehleiter ("Ehleiter" or "appellee"), as a card dealer pursuant to an employment agreement, [J.A. Vol. II at 196-207], which also included an arbitration clause. On April 2, 2001, following a fall he claimed he suffered on the casino premises, Ehleiter filed an action for negligence in the Superior Court, naming GSI as defendant.[2] [Complaint, J.A. Vol. I at 43-44].

GSI actively participated in litigating that action for over three and one-half years. Its participation began with the filing of an answer on May 1, 2001, in which GSI claimed that Ehleiter's own conduct had

---

[2]   Ehleiter also filed a separate tort action in the federal District Court, naming the architectural firm and the interior design firm that had worked on that project. [J.A. at 520-22].

proximately caused his damages and, alternatively raised the defense of contributory negligence. [J.A. at 45-46]. However, the answer made no mention of the arbitration clause in the employment agreement. Thereafter, the parties engaged in significant discovery, including the taking of depositions and production of expert opinions, and also engaged in motion practice. [Sup. Ct. Docket, App. at 15-27].

After unsuccessful completion of mediation, [See Sup. Ct. Docket, J.A. Vol. I at 25], the trial court, by order entered December 2, 2004, set trial for January 10, 2005. [J.A. at 50-51]. On December 7, 2004, GSI moved to continue that trial date due to its counsel's scheduling conflict. [*Id.* at 52-53]. The trial court granted that request and set a new trial date of March 21, 2005, and the parties filed a joint pretrial order on February 18, 2005. [J.A. Vol. II at 209-17].

However, on February 17, 2005, GSI moved to stay the proceedings to permit the parties to participate in arbitration, pursuant to the arbitration clause in the employment agreement. [J.A. at 186-208]. The trial court denied that motion, holding that GSI, through its participation in lengthy litigation and extensive discovery which was prejudicial to the adverse party, had waived its right to arbitration. [J.A. Vol. I at 9-11]. GSI thereafter filed this appeal and successfully moved to stay trial proceedings pending resolution of this appeal.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

We have jurisdiction to consider this appeal by virtue of The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court); Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a,[3] 9 U.S.C. § 3 (the Federal Arbitration Act ("FAA") and *Government of V.I. v. United Indus. Workers, N.A.*, 169 F.3d 172, 175-78 , 40 V.I. 489 (3d Cir. 1999).[4]

---

[3] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), reprinted in V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I, CODE ANN. tit. 1).

[4] Ehleiter moved to dismiss this appeal for lack of jurisdiction, arguing an order on a motion to compel aribtration is not a final appealable order within Rule 5(a)(2) of the V.I. Rules of Appellate Procedure. In support of that argument, Ehleiter argues the FAA is not

We exercise plenary review of the trial court's denial of GSI's motion to stay proceedings and to compel arbitration. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 925 (3d Cir. 1992); *see also Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*, 247 F.3d 44, 53-54 (3d Cir. 2001) (noting that legal questions concerning the applicability and scope of an arbitration agreement is subject to plenary review) (considering a district court's denial of a motion to compel arbitration and stay proceedings pending arbitration); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1113 (3d Cir. 1993)). To the extent the court's determination rests on its findings of fact or interpretation of contract, however, we review for clear error. *See Medtronic*, 247 F.3d at 53-54 (citing *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1509 (3d Cir. 1994)).

## B. Whether The Trial Court Acted Contrary To Law By Failing To Reserve The Issue Of Waiver For An Arbitrator.

GSI contends the trial court improperly decided the issue of waiver, where the language of the arbitration agreement and relevant authorities expressly provided that issues of arbitrability are to be put to an arbitrator. In support of its argument that the parties agreed that the arbitrator would have jurisdiction over any and all issues regarding the employment agreement, including issues of arbitrability and all related

---

applicable to actions before the Superior Court under VIRAP 5(a)(2), notwithstanding this Court's earlier decision in *Government v. United Indus. Workers*, 987 F. Supp. 439, 446 n. 1, 38 V.I. 170 (D.V.I. App Div. 1997) affirming the appplicability of the FAA. Ehleiter asserts that because VIRAP 5 was adopted in 1998, after United was decided, it is no longer dispositive of the issue. Relying on *Government v. United Indus Workers*, 169 F.3d 172, 40 V.I. 489 (3d Cir. 1999) (affirming our earlier decision) and our restatement of our position in subsequent decisions, GSI argues that an immediate appeal is permitted under the FAA's guidelines and that mandatory precedent to that effect remains in force.

We agree that the final judgment requirement in our rules of procedure does not bar this appeal. The principles stated in *United*, 169 F.3d 172, which were based on the direction of the Restatements to follow existing statutory law for resolution of arbitration disputes and the direct application of the FAA under certain circumstances, remain in force. *See id.* at 175-78 (holding that the FAA applies to the territory directly where interstate commerce is implicated and generally by virtue of the common law, reflected in the RESTATEMENT (SECOND) OF CONTRACTS §§ 344(f) and 345 comment (c) (applicable through 1 V.I.C. § 4). Ehleiter's motion to dismiss this appeal will, accordingly, be denied.

matters, GSI points to the following provisions of the employment contract:

### 16. ARBITRATION

Any controversy or claim arising out of or relating in any way to this Agreement, to the breach of this Agreement ... , including claims against Employer, its owners or subsidiary or parent or affiliated companies, and its or their officers, directors, employees, and agents (including any person or company that manages any portion of the Facility) ... shall be resolved by arbitration and not in a court or before an administrative agency.

### 17. MATTERS ARBITRABLE

All claims or matters arising out of or relating in any fashion to this Agreement, to the breach of this Agreement, or to Employee's dealings with Employer, Employee's employment or the suspension or termination of Employee's employment with Employer shall be considered arbitrable. Arbitrable matters include, but are not limited to ... the issue of arbitrability of any claim or dispute.

[J.A. Vol. II at 202-03]. This broad language, GSI contends, required that the court defer the allegations of waiver to the arbitrator in the first instance.

While GSI correctly states the well-settled tenet that the agreement of the parties defining the scope of an arbitrator's jurisdiction is to be regarded as controlling, this general statement ignores the facts of this case and the pertinent law regarding the effect of delay in asserting arbitration while engaging in judicial proceedings.

Under the Federal Arbitration Act ("FAA"), a party may petition the court in which an action is pending for a stay of proceedings to enforce an arbitration clause. *See* 9 U.S.C. § 3. However, that provision conditions the court's grant of a stay of proceedings on a finding that the party was not in "default" in pursuing that remedy. *See id.* "Default" as used in the statute, has been construed to apply to delays in asserting the arbitration clause while litigating the issues in a judicial forum. *See Hoxworth*, 980 F.2d at 925; *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1 (1st Cir. 2005); *N&D Fashions, Inc. v. DHJ Industries, Inc.*, 548

F.2d 722, 728 (8th Cir. 1976); *In re Mercury Constr. Corp.*, 656 F.2d 933, 939-41 (4th Cir. 1981).

██ This circuit, and courts in other circuits, have identified two principal means by which a party may impliedly waive its right to arbitration through its conduct, each with different results. First, a party may waive the right to arbitration through mere delay in proceeding or in failing to adhere to various time or procedural requirements under the agreement. That issue, courts have widely recognized, presents one of timeliness under the agreement or laches, which is generally for the arbitrator to decide. *See e.g., Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 783 (3d Cir. 1975); *Marie*, 402 F.3d at 10 (arbitrator decides whether contractual limitations or procedural prerequisites to arbitration have been met)(citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002); *see also, Great Western Mortgage Corp. v. Peacock*, 110 F.3d 222 (3d Cir. 1997) (distinguishing between waiver of right to arbitrate and waiver of right to compel arbitration); *N&D Fashions*, 548 F.2d at 728-29 (distinguishing between types of waiver for arbitrators' versus courts' determination; deciding waiver issue resulting from litigation while reserving waiver "in the laches sense" to the arbitrator).

██ Another type of waiver, and relevant here, results where a party so actively participates in litigation as to evidence an intent not to invoke the arbitration clause. *See e.g., Gavlik*, 526 F.2d at 783; *Marie*, 402 F.3d at 11-12 (declining to reach issue of waiver based on compliance with contractual prerequisites to arbitration, while reaching issue of waiver by litigation, noted as one for the courts; recognizing split in authority since *Howsam, supra); Keystone Technology Group, Inc. v. Kerr Group, Inc.*, 2003 Pa. Super. 199, 824 A.2d 1223, 1227 (2003) (recognizing waiver may be found by courts where litigation prolonged; finding no waiver, however, where delay was very brief; distinguishing between mere delay in making demand and litigation conduct) (citing *Highmark Inc. v. Hosp. Serv. Ass'n of Northeastern Pa.*, 2001 Pa. Super. 278, 785 A.2d 93, 100-01 (2001), *appeal denied*, 568 Pa. 720, 797 A.2d 914 (2002)).

██ Because this latter type of waiver involves conduct before the court and implicates concerns of forum shopping, prejudice to the adverse party through use of the broad discovery process not otherwise available in the arbitral forum, and abuse of judicial process, its determination is recognized as one for the courts. *See Hoxworth*, 980

F.2d 912; *Gavlik*, 526 F.2d at 783; *Marie*, 402 F.3d at 13; *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 456 and n.12 (2d Cir. 1995).

In *Hoxworth*, the court of appeals reviewed and upheld the trial court's denial of a motion to stay proceedings and to compel arbitration based on a determination of waiver. *See Hoxworth*, 980 F.2d at 925-926. While recognizing that "merely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more" will not necessarily suffice to find waiver of the right to compel arbitration, the *Hoxworth* Court noted that a finding of waiver is proper "where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." *Id.* (quoting *Gavlik*, 526 F.2d at 783). While recognizing the policies disfavoring waiver, *Hoxworth* noted that courts have not hesitated to hold that the right to arbitrate has been waived based on participation in litigation. *Id.* (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) (waiver disfavored); *National Foundation for Cancer Research v. A.G. Edwards & Sons*, 261 U.S. App. D.C. 284, 821 F.2d 772, 775 (D.C. Cir. 1987) (court found waiver where the defendant had "invoked the litigation machinery" by, *inter alia,* filing an answer without asserting arbitration as an affirmative defense, requesting documents and deposing plaintiff's witnesses, opposing plaintiff's motion to amend its complaint, and moving for summary judgment, all amounting to "substantial invocation of the litigation process"); *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156 (5th Cir. 1986) (court found waiver where defendant litigated for 17 months and participated in extensive discovery before demanding arbitration); *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988) (waiver where defendant chose "to litigate actively the entire matter - including pleadings, motions, and approving a pretrial conference order and did not move to compel arbitration until more than two years after [plaintiffs] brought the action"); *United States ex rel. Duo Metal & Iron Works, Inc. v. S.T.C. Constr. Co.*, 472 F. Supp. 1023, 1025 (E.D. Pa. 1979) (waiver where plaintiff expended "considerable effort and expense in conducting ... discovery" for nineteen months prior to motion to compel); *Liggett & Myers, Inc. v. Bloomfield*, 380 F. Supp. 1044, 1047 (S.D.N.Y. 1974) (waiver where third-party defendant answered and counterclaimed without asserting right to arbitrate and actively participated in pretrial discovery for ten months); *Miller*

*Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986) ("Substantially invoking the litigation machinery qualifies as the kind of prejudice that is the essence of waiver.")).

Relying on the Supreme Court's recent decisions in *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002) and *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 123 S. Ct. 2402, 156 L. Ed. 2d 414 (2003), GSI argues that all issues of waiver or delay go to the issue of arbitrability reserved solely for the arbitrator and suggests that *Hoxworth's* view now has limited, if any, force. This Court disagrees.

In *Howsam,* the court was faced with the issue whether a court or an arbitrator should apply a six-year limitation period for submission of an issue to arbitration under the relevant arbitration rule, where the language of the arbitration agreement broadly provided that all controversies arising under the agreement was to be resolved through arbitration. There, because the parties had selected the National Association of Securities Dealers as their arbitral forum, that association's rules, including the limitation period provided therein, governed their agreement. *Howsam*, 537 U.S. at 80-81. However, after signing an agreement submitting the dispute to arbitration way beyond the limitation period, the defendant filed suit in federal court and asked the court to declare the dispute ineligible for arbitration because of expiration of the six-year limitation period. *Id.*

Restating the general rule that arbitrability should be left to the arbitrator where expressly provided in the contract or clearly contemplated by the parties, the *Howsam* Court noted that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide," including allegations of waiver, delay or like defenses to arbitrabilty. *Id.* at 84 (citations and internal quotation marks omitted)(italics in original). The *Howsam* Court, in defining the scope of the arbitrator's jurisdiction on the issue of arbitrability, further pointed to language in the Revised Uniform Arbitration Act of 2000 (RUAA) which states that "issues of procedural arbitrability, *i.e.,* whether prerequisites such as *time limits,* notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id.* at 85 (quoting RUAA § 6(c), comment 2, 7 U.L.A. at 13) (emphasis in original). Given this, Howsam held that the time limit in the NASD rules,

which the party had expressly adopted in their contract, presented an "aspect of the controversy" which called into question the grievance procedures of the parties' agreement. *Id.*

*Green Tree* similarly reviewed an issue implicating procedures permitted under the arbitration agreement—that is, whether class arbitration was permissible. That Court held that, in light of the broad arbitration agreement covering "all disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract," the dispute regarding the scope of that provisions, including the permissibility of class arbitration, was one for the arbitrator. *Green Tree,* 539 U.S. at 445. That question, the Court noted, involved contract interpretation, which is uniquely within the arbitrator's expertise.

Although courts since *Howsam* and *Green Tree* have continued to resolve issues of waiver resulting from litigation conduct, we have found few that have directly addressed the impact of *Howsam* or *Green Tree* on this continued practice.

In *Marie,* one of the few cases deciding the issue since *Howsam* and *Green Tree,* the First Circuit held that the issue of waiver under circumstances similar to those present here remains one for the courts. *See Marie,* 402 F.3d at 13. In concluding that neither *Howsam* nor *Green Tree* was intended to upset the traditional role of courts in deciding waiver issues under these circumstances, *Marie* weighed: the primary expertise of the court in recognizing and preventing abuse of the judicial process; the inefficiency in sending an issue which was already before the courts to an arbitrator, which would cause further delay and do violence to the purpose of arbitration as a quick method of resolving disputes; the statutory command of section 3 for courts to grant stays of proceedings only if no default in proceeding is shown; and the express language of the RUAA, on which *Howsam* relied for its analysis, which treats waiver as an issue for the courts in a separate section. *Marie,* 402 F.3d at 11-13 (noting such conduct implicates judicial procedures, which *Green Tree, supra,* suggested should be an important factor in determining who should decide the issue).

This circuit's decisions on the issue of litigation-related waiver, since *Howsam,* also continue to apply *Hoxworth* to waiver determinations where the parties participated actively in litigation. *See Keystone,* 2003 Pa. Super. 199, 824 A.2d 1223 (reviewing the trial court's determination

that the filing of a complaint amounted to waiver of the right to arbitration and noting that, although brief delay in demanding arbitration after initiation of litigation did not support finding of waiver, such a finding would have been appropriate had the party substantially advanced the litigation); *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 598 (3d Cir. 2004) (applying Hoxworth prejudice test in determining that litigant did not waive right to arbitration by failing to include arbitration defense in initial motion to dismiss); *compare Bellevue Drug Co. v. Advance PCS*, 333 F. Supp. 2d 318, 324 (E.D. Pa. 2004) (Apparently unsure of the direction it should follow, the court suggested that a contrary result might be appropriate under *Howsam* but, nonethelessss, decided the issue in light of *Hoxworth* and other authorities in this circuit, impliedly recognizing the continued force of *Hoxworth*).

This Court will similarly continue to view the issue of waiver due to litigation conduct as one for the courts, under the teachings of *Hoxworth.* Importantly, neither *Howsam* nor *Green Tree* addressed the specific issue we are faced with today. The contexts in which those cases were decided—involving procedures and contractual conditions precedent to arbitration or laches resulting from non-adherence to contractual procedures—are simply not present here. Moreover, while the Supreme Court addressed conduct implicating the procedures under the parties' contract, nothing in *Howsam* nor *Green Tree* calls into question courts' authority to control *judicial* procedures or to resolve issues of waiver arising from *judicial* conduct.

We are similarly unpersuaded that the other authorities cited by GSI cast doubt on the continued force of *Hoxworth's* reasoning. Although GSI cites to isolated statements in the cited authorities regarding the presumption that issues of procedural arbitrability are for the arbitrator if contemplated by the agreement, it disregards the dissimilar contexts in which those cases were decided. *See Troy Chem. Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 126 (3d Cir. 1994) (considering waiver in context of party's failure to adhere to first two steps of grievance procedure); *Bellevue*, 333 F. Supp. 2d 318 (As noted above, the district court expressed doubts about the continued vitality of *Hoxworth* but applied it, nonetheless, as the controlling precedent in this circuit); *Union of Operating Engineers v. Flair Builders, Inc.*, 406 U.S. 487, 92 S. Ct. 1710, 32 L. Ed. 2d 248 (1972) (involving, not delay resulting from prolonged participation in litigation, but laches resulting

from delay in seeking arbitration contrary to express procedures in the contract); *Controlled Sanitation Corp. v. International Asso. of Machinists & Aerospace Workers*, 524 F.2d 1324 (3d Cir. 1975) (holding that whether union had repudiated the arbitration agreement by striking in violation of that agreement—a question that would necessarily require contract interpretation and delving into the merits of the case—was for the arbitrator).

 Given the foregoing, we will adhere to the teachings of *Hoxworth* and find that the issue of waiver was properly before the trial court.

## C. Whether the Superior Court Erred in Denying the Motion to Stay Proceedings Based on Waiver.

Having determined the issue of waiver was appropriately decided by the court, we turn now to GSI's assertion that the lower court's determination in that regard was erroneous.

 A party may be found to have waived its right to arbitration by actively engaging in litigation without asserting that right, where the adverse party is thereby prejudiced. *See Hoxworth*, 980 F.2d at 925-26; *see also Wood v. Prudential Ins. Co. of America*, 207 F.3d 674, 680 (3d Cir. 2000). This circuit has identified the following factors relevant to a determination of prejudice: "the timeliness or lack thereof of a motion to arbitrate the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; the extent of its non-merits motion practice; its assent to the district court's pretrial orders; and the extent to which both parties have engaged in discovery." *Hoxworth*, 980 F.2d at 926-27 (internal citations omitted); *compare N&D Fashions*, 548 F.2d 722 (A party's "substantially invoking the litigation machinery" is the kind of prejudice warranting a finding of waiver). We agree with the trial court's determination that this case reflects the sort of extensive litigation that has been consistently found to constitute prejudicial conduct warranting a finding of waiver.

Here, GSI did not seek a stay of proceedings or assert its right to arbitration until almost four years after the filing of the complaint and one month before the extended trial date. Indeed, the motion for stay came over one month after the initial trial date and just weeks before the trial date as extended. During that time, GSI not only answered the

complaint but, as reflected in the record, participated in extensive discovery. [Sup. Ct. Docket, App. at 15-27] (reflecting numerous requests for production, interrogatories and the taking of depositions). Several expert reports were also procured by both parties. [*Id.*]. Moreover, GSI not only assented to various pretrial orders by the court, indeed seeking continuances and/or extensions in order to comply with those orders, but also engaged in extensive motion practice and responses to various motions, including a motion by the plaintiff to amend the complaint. Among the motions initiated by GSI was a motion for summary judgment and motion to implead a third-party defendant.

GSI further acquiesced to the setting of trial date and, indeed, submitted, along with the appellee, a stipulation for the submission of all pretrial statements by November 15, 2004 and readiness for trial by December 1, 2004, as well as a proposed verdict form and a joint pretrial order (filed one day after the motion for stay). Moreover, the parties participated—albeit unsuccessfully—in mediation. Following that process, the trial court ordered the parties to complete all factual discovery and to file all motions by January 10, 2005. Trial was then set for February 14, 2005, but later extended at the request of GSI to March 31, 2005.

█ The extensive discovery conducted in this case over the span of almost four years, and the fact that the motion for stay was filed on the eve of trial, evidences the extent to which GSI actively participated in this litigation. Indeed, it appears the litigation remained fully active from its onset, except for a lapse in activity of approximately eight months that spurred the court to order the parties to move forward. [Docket entry dated April 11, 2003]. Under these facts, the trial court's determination of waiver pursuant to the *Hoxworth* factors was not erroneous.

### III. CONCLUSION

Given the continued force of precedent in this circuit, and the absence of any indication the Supreme Court intended to upend the well-established principle that a court may properly decide the issue of waiver in the context of a party's conduct in litigating the matter, we hold that the trial court did not thereby err in doing so. Moreover, having fully considered the facts of this case, this Court will affirm the trial court's determination that the appellant, through its extensive and prolonged participation in litigating the case in the judicial forum, thereby waived

its right to compel arbitration. Because we affirm the trial court's finding of waiver, we need not reach the issue of GSI's standing to assert the arbitration clause. An appropriate order follows.