**TOUTON, S.A., Plaintiff,**

v.

**M.V. RIZCUN TRADER, her engines, tackle, etc., Latif Maritime, Ltd., and Winston Shipping Corp., Defendants.**

**No. CIV. A. 97–CV–2058.**

United States District Court, E.D. Pennsylvania.

Dec. 9, 1998.

Alfred J. Kuffler, Palmer, Biezup & Henderson, Philadelphia, PA, for M.V. RIZCUN TRADER, Latif Maritime Ltd.

Michael P. Zipfel, Rawle & Henderson, Philadelphia, PA, Ann–Michele Higgins, Rawle & Henderson, Philadelphia, PA, James J. Musial, Rawle & Henderson, LLP, Philadelphia, PA, for Winston Shipping Corp.

Edward V. Cattell, Jr., Hollstein, Keating, Cattell, Johnson & Goldstein, P.C., Philadelphia, PA, for Touton, S.A.

### MEMORANDUM & ORDER

KAUFFMAN, District Judge.

This is an appeal from an Order, issued on July 14, 1998 by United States Magistrate Judge Jacob P. Hart, lifting a stay on the instant proceedings. Defendant Winston Shipping Corporation ("Winston") filed this appeal on July 28, 1998, claiming that the Magistrate Judge's Order exceeded his authority and was clearly erroneous and contrary to law. Plaintiff Touton, S.A. ("Touton") and Defendant Latif Maritime, Ltd. ("Latif") have filed briefs in opposition.

This case involves a dispute over a damaged shipment of cocoa beans. A Liner Booking Note between Touton, the seller, and Winston, the ship's charterer, contained an agreement to arbitrate. Winston moved to stay the proceedings in this Court, pending the outcome of arbitration in London, on

December 11, 1997. On January 29, 1998, this Court referred the action to Judge Hart to resolve the dispute regarding the stay. Both Touton and Latif opposed the Motion to Stay, arguing that: (a) the dispute was not subject to arbitration; and (b) even if it were, Winston had waived its right to arbitration by its delay in seeking a stay. Touton and Latif also argued that they were prejudiced by this delay, since they had made disclosures to Winston during discovery. Touton also argued prejudice in that Winston had raised a counterclaim in its answer, for which no adequate discovery would be provided in arbitration.

Touton also asserted its concern that if Winston succeeded in achieving a stay and transferring the case to arbitration, Winston would then seek to prevent arbitration, arguing that arbitration was time-barred because of Touton's failure to commence arbitration proceedings within the limitations period. Touton's counsel raised this issue in oral argument, held before the Magistrate Judge on April 8, 1998. Judge Hart expressed concern over this possibility. In response, counsel for Winston stated: "Your Honor, I can state for the record that we are well within our rights to commence arbitration as is [Touton] to defend one. There is absolutely no time bar issue at this stage in the proceedings that would prejudice any party." (Tr. Apr. 8, 1998, at 37–38.) Relying on this representation, the Magistrate Judge assumed that if the stay were granted, both Touton's claim and Winston's counterclaim would be heard on the merits in London. On April 24, 1998, the Magistrate Judge stayed the proceedings pending London arbitration pursuant to the Liner Booking Note.

Soon after the Magistrate Judge issued his opinion, however, Winston's London counsel took the position that the limitations period on Touton's right to demand arbitration had run on April 14, 1998, six days after the oral argument. Touton, joined by Latif, filed a Motion to Vacate the Stay on May 22, 1998. The Magistrate Judge granted the Motion and lifted the stay on July 14, 1998. In his Opinion, Judge Hart noted that in his original decision to stay, he had found Winston's delay in seeking arbitration, although lengthy enough to constitute waiver, to be not determinative, provided that the delay did not prejudice Touton or Latif. Opinion & Order, July 13, 1998, 15 F.Supp.2d 669, 670–71. The Magistrate Judge also noted that, at the time of the original decision, Winston had not acted in a fashion inconsistent with its position on arbitration. *Id.* at 671. The court found, however, in light of the recent events, that Winston's representation on April 8, 1998 had been misleading to the Court and the parties. *Id.* Winston had decided to raise the statute of limitations defense prior to the April 24 opinion, and the Court found Winston's silence, despite its knowledge that the Court was "flying under false colors," "completely unacceptable." *Id.* at 671–72. With the record accurate, the Magistrate Judge found that Winston's conduct had caused Touton substantial prejudice, an integral finding in a determination of waiver of arbitration rights. *Id.* at 672; *see also Paine-Webber Inc. v. Faragalli*, 61 F.3d 1063, 1069 (3d Cir.1995). The Court also found that Winston's actions, fully exposed, were inconsistent with an intent to seek arbitration. Opinion & Order, July 13, 1998, at 7; *see also Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 925–26 (3d Cir.1992).

■ This Court will reconsider the Magistrate's decision of this non-dispositive pretrial matter when it is shown to be "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A) (1998); Fed.R.Civ.P. 72(a); *Cardona v. General Motors Corp.*, 942 F.Supp. 968, 971 (D.N.J.1996). Winston argues that Touton's Motion to Lift the Stay was a motion for injunctive relief, a ruling on which was beyond the Magistrate Judge's authority pursuant to § 636(b)(1)(A). Section 636, in pertinent part, provides:

> (b)(1) Notwithstanding any provision of law to the contrary—

> (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, .... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has

been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

This argument raises the question of whether a Court, in staying the proceedings before it or in lifting such a stay, grants what could be considered "injunctive relief" under the Magistrate Act. In the context of deciding what constitutes an injunction for purposes of circuit court jurisdiction under 28 U.S.C. § 1292(a)(1),[1] the Supreme Court noted that "[a]n order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 279, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988).[2] In the same context, the Third Circuit held that a district court, which had stayed its own proceedings pending the final outcome of a related NLRB proceeding, had not issued or denied an injunction as contemplated by § 1292(a)(1). *See Cofab, Inc. v. Philadelphia Joint Bd., Amalgamated Clothing & Textile Workers' Union, AFL–CIO,* 141 F.3d 105, 108 (3d Cir.1998) ("The district court 'enjoined' no party or proceeding but rather stayed its own action regarding the arbitration award pending the outcome of a final NLRB ruling."). A district court construing the Magistrate Act concluded that "the term 'injunctive relief', as it is used in § 636(b)(1)(A), [refers] to a coercive order that compels or prohibits particular conduct

and establishes the rights and obligations of the parties." *Bache Halsey Stuart Shields, Inc. v. Killop,* 589 F.Supp. 390, 393 (E.D.Mich.1984). Accordingly, the Court finds that neither the grant of the stay of proceedings pending arbitration, nor the lift of said stay, constituted "injunctive relief" in excess of the Magistrate Judge's authority under § 636(b)(1)(A).[3]

 Winston also argues that Judge Hart's decision to lift the stay was clearly erroneous "and/or" contrary to law. It is apparent to the Court that Judge Hart granted a stay in reliance upon a misrepresentation by Winston. Upon learning the truth, that Winston did, in fact, intend to pursue the statute of limitations defense against Touton's attempt to initiate arbitration proceedings, Judge Hart vacated his prior Order. This decision was neither in clear error nor contrary to law, but in fact necessary in the interest of justice.

For the foregoing reasons, the judgment below is **AFFIRMED.**

---

1. That section provides: "(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States, ... or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court ...." 28 U.S.C. § 1292(a)(1).

2. In *Gulfstream,* the Court overruled the *Enelow–Ettelson* doctrine, which had provided that "certain orders that stay or refuse to stay judicial proceedings are considered injunctions and therefore are immediately appealable." 485 U.S. at 279, 108 S.Ct. 1133. The Court found that the doctrine was based on an antiquated distinction between courts of law and equity, noting specifically that the task of deciding whether a stay of proceedings in favor of arbitration was based in

law or equity was "intractable." *Id.* at 284–85, 108 S.Ct. 1133. The Court held that § 1292(a)(1) "will, of course, continue to provide appellate jurisdiction over orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have [serious consequences]." *Id.* at 288, 108 S.Ct. 1133.

3. Moreover, Winston failed to protest when this Court referred the action to the Magistrate Judge for purposes of deciding *Winston's* Motion to Stay or when Judge Hart originally granted the stay, both of which would have violated § 636 as now interpreted by Winston. Winston raises this argument only *after* the Magistrate Judge has decided the matter adversely. This conduct could be viewed as consent by Winston to the Magistrate Judge's authority to decide the Motion to Stay under § 636(c)(1).