IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**
March 25, 2024 09:31 AM
SCT-CIV-2020-0014
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

CLEMENT XAVIER, )
    Appellant/Defendant, )
                    )
                    )
v. )
                    )
                    )
TREASURE BAY V.I. CORP. )
d/b/a DIVI CARINA BAY CASINO )
    Appellee/Plaintiff. )
                    )

**S. Ct. Civ. No. 2020-0014**
Re: Super. Ct. No. 450/2009 (STX)

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Douglas A. Brady

Considered: November 17, 2020
Filed: March 25, 2024

Cite as: 2024 VI 14

**BEFORE:** **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

**ATTORNEYS:**

**Thomas Alkon, Esq.**
Law Office of Thomas Alkon, Esq., P.C.
St. Croix, U.S.V.I.
    *Attorney for Appellant,*

**Carl A. Beckstedt, Esq.**
**Robert J. Kuczyniski, Esq.**
Beckstedt & Kuczyniski LLP
St. Croix, U.S.V.I.
    *Attorneys for Appellee.*

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 2 of 18

# OPINION OF THE COURT

**SWAN, Associate Justice.**

¶1      Appellant Clement Xavier ("Xavier") appeals the Superior Court's January 27, 2020 order, which denied his motion to vacate an arbitration award in favor of Appellee Treasure Bay V.I. Corp., d/b/a Divi Carina Bay Casino ("Treasure Bay"). Xavier asserts that the Magistrate Division of the Superior Court lacked jurisdiction to decide the case. For the reason elucidated below, we affirm the Superior Court's order on different grounds, which obviate consideration of the issues propounded by Xavier in this appeal.

## I.    BACKGROUND FACTS AND PROCEDURAL POSTURE

¶2      Xavier filed an action in the Superior Court against Treasure Bay for negligence. Xavier's September 28, 2009 amended complaint alleged that on or about July 29, 2009, he sat on a chair in Treasure Bay's establishment, which suddenly toppled over, causing him to fall and injure himself. Xavier sought compensation for pain and suffering, mental anguish, loss of enjoyment of life, permanent disability, medical expenses, and impaired earning capacity—all of which he alleged resulted from him falling.

¶3      Treasure Bay filed its answer to the amended complaint on October 14, 2009, which denied any liability, disputed all allegations in the amended complaint, and raised several affirmative defenses.

¶4      Over the next several months, the parties participated in discovery, pursuant to the Superior Court's December 1, 2009 scheduling order, which established specific dates for the parties to complete all discovery, depositions, Rule 26 discovery and expert disclosures, and dispositive motions. During discovery on March 11, 2010, Treasure Bay produced a membership agreement

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 3 of 18

between the parties, pursuant to which Xavier had become a member of the "Beachcomber's Gold Club" rewards program, which permitted members playing games at the casino to earn "points" that could be redeemed for discounts on lodging, food, drinks, and amenities at the casino and at the nearby resort.[1]  (J.A. 109.)  The membership agreement, dated August 8, 2005, contained an arbitration clause, and exhibited Xavier's signature.  Xavier does not dispute the authenticity of the executed membership agreement.  The arbitration clause in the parties' membership agreement in relevant part stated: "[t]he agreement governs when or how disputes between you and us will be resolved by arbitration—that is, decided by one or more private persons in a private proceeding and not by a court or jury in a trial."  (J.A. 47.)  "Claim" is defined therein as:

> any dispute between you and us that arises from or relates in any way to the Facilities and/or services, including disputes concerning: (1) the quality, or suitability of the Facilities and/or Services; (2) advertisement, promotions, disclosures agreements or documents relating to Facilities and/or Services; (3) this agreement's applicability, scope, arbitrability, validity or enforceability.  It includes disputes based on constitutional provisions, statutes, regulations, ordinances, contracts, and alleged wrongful acts of every type (whether intentional, fraudulent, reckless or negligent). It includes disputes that seek relief of any type, including damages or injunctive, equitable and/or declaratory relief.

(J.A. 48.)  Further, the membership agreement stated that the determination made in an arbitration award "will be final and binding, except for an appeal right under the F[ederal] A[rbitration] A[ct]."  9 U.S.C. § 1 et seq. (FAA).

¶5     On April 9, 2010, Treasure Bay filed a motion to compel arbitration and to stay the Superior Court's proceedings.  In its motion, Treasure Bay argued that Xavier's lawsuit is subject to the

---

[1] The Beachcomber's Gold Club membership agreement specifies that it covers facilities and services "offered or provided by, at or in connection with the . . . Resort and Casino," including "lodging, food, beverage[s], refreshment[s], beachfront, water, gambling, [and] recreational and/or other facilities and/or services."  (J.A. 48.)

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 4 of 18

parties' executed membership agreement with an arbitration clause. Shortly after Treasure Bay submitted the membership agreement to the court, the Superior Court transferred the matter to the Magistrate Division of the Superior Court on April 21, 2010 and designated a magistrate judge to hear and determine whether to grant the motion to arbitrate and to stay the proceedings, pursuant to title 4 sections 123(b)(1) and (2) of the Virgin Islands Code.

¶6 Xavier filed his opposition to Treasure Bay's motion to compel arbitration and stay the proceedings on June 2, 2011. In his motion papers, Xavier contended that Treasure Bay waived its rights to enforce the arbitration agreement because more than six months had elapsed between the initial filing of the complaint and filing the motion to compel arbitration, especially considering that since 2005 Treasure Bay was in possession of the membership agreement containing the arbitration provision. Xavier further contended that Treasure Bay's protracted delay in producing the agreement impeded his preparation efforts for trial in accordance with the Superior Court's order scheduling the matter for a jury trial, in response to the parties' request.

¶7 Treasure Bay replied to Xavier's opposition on July 15, 2011. Treasure Bay countered Xavier's arguments, asserting that Treasure Bay had provided the agreement to the court soon after it was found and had filed the motion to arbitrate and to stay the proceedings approximately one month later.

¶8 In deciding the motion to compel arbitration, the magistrate judge concluded that there was little progress made in resolving the case over the prior two-and one-half years (i.e., minimal discovery, no evidence of depositions, expert reports or other expensive pretrial procedures) and noted that although Treasure Bay filed its motion to compel arbitration more than six months after the initial complaint, Xavier had opposed the motion fourteen months later, and that there was no prejudice to Xavier because he contributed to the delay. Because there was no dispute between

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 5 of 18

the parties on the issues of arbitrability or the validity of the membership agreement, the magistrate judge granted Treasure Bay's motion to arbitrate, ordered the parties to participate in arbitration, and stayed the Superior Court proceedings in an order dated June 11, 2012.

¶9 On July 12, 2012, Xavier filed a motion for reconsideration in response to the magistrate judge's June 11, 2012 order compelling arbitration and staying the Superior Court proceedings. In his motion papers, Xavier informed the court that he was disabled and has not been able to return to work since July 29, 2009; he contended that, therefore, he could not afford the cost of arbitration. To further substantiate his motion, Xavier argued that the arbitration clause in the membership agreement supported Treasure Bay paying the cost of the arbitration because of his financial hardship. Nevertheless, upon negotiation with Treasure Bay and consummation of an agreement on the issue of the cost of arbitration, Xavier withdrew his motion for reconsideration on July 19, 2012, and the parties subsequently proceeded to arbitration. The parties' agreement directed Treasure Bay to pay the entire cost of arbitration.

¶10 The arbitrator presided over the parties' evidentiary hearing in St. Croix, U.S. Virgin Islands two years later, on October 8-10, 2014. The parties, who were present and represented by counsel, presented extensive oral and documentary evidence, including numerous fact witnesses. The arbitrator gave each party a full opportunity to present the claims and defenses in each party's case in chief and rebuttal, including an opportunity for direct and cross examination, re-direct and re-cross examination. After hearing and considering all the evidence presented, the arbitrator ruled in favor of Treasure Bay and against Xavier. The arbitrator subsequently memorialized his decision in an award dated November 18, 2014.

¶11 After the arbitrator issued the award in favor of Treasure Bay, Xavier filed a petition with the Superior Court on December 3, 2014, seeking review of the arbitrator's decision. In his

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 6 of 18

petition, Xavier, for the first time, challenged the magistrate judge's June 11, 2012 order which referred the parties to arbitration, on the basis that it was "contrary to existing law regarding the issue of waiver." (J.A. 84-85.) In response, on December 16, 2014, Treasure Bay moved to strike the petition for review because it was untimely. Xavier initially responded by filing a motion to vacate the arbitration award on December 19, 2014, wherein he expounded on his waiver argument. Additionally, on December 19, 2014, Xavier filed a motion in opposition to Treasure Bay's motion to strike, arguing that policy favors appealing decisions on compelling arbitration only after the arbitration is completed and that the magistrate judge lacked jurisdiction to determine Treasure Bay's original motion to compel arbitration and stay the proceedings. Finally, on February 23, 2015, Xavier filed an additional response to Treasure Bay's motion seeking to strike his petition for review, in which Xavier reasserted the arguments made in his December 3, 2014 petition for review and in his December 19, 2014 initial response to Treasure Bay's motion to strike. On March 6, 2015, Treasure Bay responded to Xavier's arguments by filing a reply in support of its motion to strike and seeking dismissal of his petition for review. That same day, Treasure Bay filed a motion seeking to confirm and to enter judgment on the arbitration award. All the filings, except Xavier's initial petition for review and Treasure Bay's motion to strike that petition, were made after the Clerk's Office of the Superior Court had transferred the case to the Superior Court's Appellate Division on December 18, 2014. On March 10, 2015, the Superior Court Clerk's Office sent Xavier's counsel a briefing letter that acknowledged receipt of counsel's petition for review and informed him of the assignment of the case to Judge Harold W. L. Willocks in the Appellate Division and informed him of the briefing requirements associated with review in the Appellate Division. Despite this information, neither of the litigants requested that their previously filed motions be construed as briefs in the Appellate Division, nor did they file formal

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 7 of 18

briefs in response to the briefing letter. The matter remained on the docket of the Appellate Division with only minimal filings by the parties for the remainder of 2015 and all of 2016. Ultimately, in an order dated February 23, 2017, the Appellate Division of the Superior Court dismissed Xavier's petition for review and remanded the case to the Trial Division of the Superior Court, where the case remained on the docket for the remainder of 2017 and for the entire years 2018 and 2019. Finally, on January 27, 2020, the Trial Division of the Superior Court entered an order denying Xavier's December 3, 2014 motion challenging the magistrate judge's June 11, 2012 order compelling arbitration and staying the proceedings in the Trial Division of the Superior Court. The order likewise stated that all of the issues remanded by the Appellate Division's February 23, 2017 order had been resolved and closed that case. After the case was remanded, the Superior Court closed the matter on January 24, 2020 by denying Xavier's motion seeking a declaration that the June 11, 2012 magistrate order compelling arbitration was void. Xavier filed a timely notice of appeal on February 21, 2020, and this appeal ensued.

## II. JURISDICTION AND STANDARD OF REVIEW

¶12   "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees, or final orders of the Superior Court." 4 V.I.C. § 32(a); *see also* 48 U.S.C. § 1613a(d). The Superior Court's January 27, 2020 judgment was a final order because it "end[ed] the litigation on the merits, leaving nothing else for the court to do except execute the judgment." *Pub. Emps. Relation Bd. v. United Indus. Workers-Seafarers Int'l Union*, 56 V.I. 429, 433 (V.I. 2012). Therefore, we exercise jurisdiction over this appeal. *Tremcorp Holdings, Inc. v. Harris*, 65 V.I. 364, 367 (V.I. 2016) (the denial of a motion to vacate an arbitration award constitutes an appealable final judgment (citing *Gov't of the V.I. v. United Indus. Serv., Trans., Prof. & Gov't Workers of N. Am.*, 64 V.I. 312, 319-20 (V.I. 2016))).

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 8 of 18

¶13    We exercise plenary review over the Superior Court's legal conclusions and review its

factual findings for clear error. *Tremcorp Holdings, Inc. v. Harris*, 67 V.I. 601, 605 (V.I. 2017)

(quoting *Coastal Transp. v. Royer*, 64 V.I. 645, 651 (V.I. 2016)). *See also Bashiti v. Tutu Park,*

*Ltd.*, 66 V.I. 604, 608 (V.I. 2017).

## III.    DISCUSSION

¶14    Xavier raises two issues on appeal.  First, Xavier argues that the "[m]agistrate [judge] lacks

jurisdiction and authority to hear and determine a motion to compel arbitration and stay

proceeding[s] in a case filed in the Jury Trial Division of the Superior Court." (Appellant's Br. 6.)

Secondly, Xavier argues that Treasure Bay waived its right to arbitration by actively litigating and

delaying the case prior to moving the Superior Court to compel arbitration and stay the

proceedings.  The Court will address the issues *seriatim*.

### A.    Because a motion to stay litigation pending arbitration is a non-dispositive motion, the Magistrate's Division did not err when it granted Treasure Bay's motion to compel arbitration and to stay the proceedings.

¶15    Xavier argues that a magistrate judge lacks jurisdiction and authority to hear and determine

a motion to compel arbitration and stay proceedings in a case filed in the Jury Trial Division of the

Superior Court.  Specifically, Xavier argues that an order to compel arbitration and remove the

dispute from the jury division of the Superior Court to a private forum is akin to and functionally

equivalent to a motion for summary judgment and a motion to dismiss, pursuant to Rule 12(b)(6)

of the Virgin Islands Rules of Civil Procedure.  Xavier contends that such a motion "should be

treated as [one] of the seven enumerated, but not exclusive motions withheld from the authority of

the magistrate [judge] by the legislature in section 123(b)(1) of Title 4 of the Virgin Islands Code."

(Appellant's Br. 8-10.)

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 9 of 18

¶16    In opposition, Treasure Bay argues that the magistrate judge's ruling on the motion to compel arbitration is irrelevant, because Xavier withdrew his sole objection to arbitration and voluntarily submitted the matter to the arbitrator when Treasure Bay agreed to pay the full cost of arbitration; therefore, Xavier's entire appeal is meritless.    Treasure Bay also argues in the alternative that 4 V.I.C. § 123 does not bar the magistrate judge from considering Treasure Bay's motion to compel arbitration and stay the proceedings and that Xavier waived this argument when he submitted his claim to arbitration and agreed to the stay of court proceedings after Treasure Bay decided to pay the associated full cost of arbitration.

¶17    Xavier filed a reply brief in opposition to Treasure Bay's response arguing that Treasure Bay's contention regarding waiver is misplaced because he never withdrew his opposition based on the doctrine of waiver, that he first raised his objection to arbitration in the June 2, 2011 opposition to Treasure Bay's motion, and that he renewed his opposition to arbitration based on the doctrine of waiver in his December 3, 2014 petition for review and in the December 19, 2014 motion to vacate the arbitration award.

¶18    As a threshold matter, we acknowledge that Xavier uses jurisdictional terms to frame his argument. Since the issue of subject-matter jurisdiction may never be waived, *see Brady v. Cintron*, 55 V.I. 802, 815 (V.I. 2011), Xavier could not waive his challenge to the magistrate judge's authority by failing to raise the issue in a timely manner or by participating in the arbitration—that is, if the issue is in fact jurisdictional.

¶19    We conclude that it is not.  As we have previously emphasized, "jurisdiction is vested in courts, not in individual judges." *Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 573 (V.I. 2015) (collecting cases).  For this reason, this Court has held that it is not a jurisdictional defect for a judge to issue a ruling in a case assigned to a different judge – while that judge may have exceeded

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 10 of 18

his authority in issuing such an order, the court did not. *Id.* at 573-74. The Magistrate Division is not a separate free-standing court, but a division of the Superior Court, a court which is vested with "original jurisdiction in all civil actions regardless of the amount in controversy." 4 V.I.C. § 76(a). Because the Superior Court possessed subject-matter jurisdiction over this case, that a magistrate judge purportedly exceeded his or her authority by issuing a ruling on an individual motion in that case that supposedly could only be adjudicated by a judge is not a jurisdictional defect, but an ordinary trial error that a party may waive. *See, e.g., Clark v. Poulton*, 963 F.2d 1361, 1366–67 (10th Cir. 1992) (characterizing a magistrate judge's lack of statutory authority to take an action as a non-jurisdictional defect subject to waiver) (collecting cases).

¶20 The Virgin Islands' courts have not reviewed the question of whether a motion to stay the proceedings and compel arbitration is in effect dispositive of a case and accordingly is prohibited by 4 V.I.C. § 123. The Magistrate's Division of the Superior Court of the Virgin Islands has original jurisdiction to hear certain type of cases without the aid or supervision of the Virgin Islands Superior Court. *See* 4 V.I.C. § 123(a). Pursuant to the statute, with certain limited exceptions— which do not include motions to compel arbitration—a magistrate judge may "hear and determine any pretrial matter pending before the court." 4 V.I.C.§ 123(b)(1). Magistrate judges also have the authority, upon consent of the parties, to conduct all proceedings in a jury or non-jury civil matter, including trial and entry of judgment in the case. *See* 4 V.I.C. § 123(d); *see also H&H Avionics, Inc. v. V.I. Port Auth.*, 52 V.I. 458, 462-63 (V.I. 2009) (noting that magistrate judge's orders made pursuant to 4 V.I.C. § 123(d) may be dispositive orders). On the other hand, the statute limits the authority of magistrate judges by enumerating specific unauthorized forms of relief. Section 123(b)(1) expressly denies magistrate judges the authority to adjudicate:

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 11 of 18

> motion[s] for injunctive relief, for judgment on the pleadings, for summary judgment, for dismissing or quashing an indictment or information made by the defendant, suppression of evidence in a criminal case, dismissal or to permit maintenance of a class action, dismissal for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action.

¶21 "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning." *Matter of Adoption of L.O.F.*, 62 V.I. 655, 661 (2015) (quoting *Matter of Reynolds*, 60 V.I. 330, 332 (2013)). We first look to the plain meaning of the text when interpreting a statute, because courts must not adopt an interpretation of a statute that conflicts with the plain text. *See Murrell v. People*, 54 V.I. 338, 352 (V.I. 2010); *Haynes v. Ottley*, 61 V.I. 547, 561 (V.I. 2014). A plain and unambiguous reading of the language of the statute discloses that a motion to stay the proceedings and compel arbitration is not one of the motions excepted from the ambit of the jurisdiction of magistrate judges. "When the language of a statute is plain and unambiguous, a court does not look beyond the language of the statute in interpreting the statute's meaning." *Codrington v. People*, 57 V.I. 176, 185 (V.I. 2012) (citing *People v. Baxter,* 49 V.I. 384, 388 (V.I. 2008)). We "must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, the first canon [of statutory construction] is also the last: judicial inquiry is complete." *Id.* (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992)).

¶22 Xavier also argues that a motion to stay the proceedings and to compel arbitration is the functional equivalent to a motion for summary judgment and a motion to dismiss, pursuant to Rule 12(b)(6). We disagree.

¶23 A motion to stay the proceedings and to compel arbitration is not the functional equivalent of a motion for summary judgment, which is authorized under Rule 56 of the Virgin Islands Rules

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 12 of 18

of Civil Procedure, or a motion to dismiss under Rule 12(b)(6). A motion to stay the proceedings and to compel arbitration is non-dispositive because there is no final exercise of judicial authority by the court until after the arbitration process is completed, at which time the court has the jurisdiction to affirm, modify, or vacate the arbitrator's awards, where the action remains lodged. *See V.I. Water & Power Auth v. General Elec. Int'l*, 561 Fed. Appx. § 131, 133 (3d Cir. 2014) (concluding that motions to compel arbitration and stay the proceedings are not dispositive because such a ruling does not dispose of the case; instead it merely suspends it, and the court maintains its authority to dissolve the stay or make orders effectuating arbitration awards); *see also PowerShare v. Syntel*, 597 F.3d 10, 14 (1st Cir. 2010) (holding that a motion to stay litigation pending arbitration was not dispositive because "[e]ven if such a motion is granted, the court still retains authority to dissolve the stay or, after the arbitration has run its course, to make orders with respect to the arbitral award."). When a magistrate judge refers a matter to arbitration that is governed by the FAA, the Superior Court never loses jurisdiction over the action as the decision of the arbitrator is subject to the review of the Superior Court. *See Gov't of the V.I. Dep't of Educ. v. St. Thomas/St. John Educ. Admrs,' Ass'n, Loc. 101*, 67 V.I. 623, 639–40 (2017) (noting the authority of Superior Court to vacate an arbitrator's award on the condition that the arbitrator exceeded his or her authority in rendering the award, which may include ignoring limits in the arbitration agreement itself on issues to be arbitrated or remedies the parties agreed to make available; if the award was the product of fraud, partiality, or malfeasance on behalf of the parties or the arbitrator—or if the award was predicated upon a mistake flowing from such conduct; or if the arbitrator manifestly disregards the law). A contrary interpretation would be akin to rewriting the rule. *See Whyte v. Bockino*, 69 V.I. 749, 756 (2018) (declining to rewrite Rule 8(c)(1) to require the right to arbitrate to be pled as an affirmative defense).

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 13 of 18

¶24    Additionally, several federal courts that have addressed the issue have found that "motions to stay proceedings to enforce arbitration provisions are non-dispositive." *Torrance v. Aames Funding Corp.*, 242 F. Supp. 2d 862, 865 (D. Or. 2002) (citing *Touton, S.A. v. M.V. Rizcun Trader*, 30 F. Supp. 2d 508, 509 (E.D. Pa 1998); *Herko v. Metropolitan Life Ins. Co.*, 978 F. Supp. 141, 142-43 n.1 (W.D.N.Y 1997); *See also All Saint's Brands, Inc. v. Brewery Group Denmark, A/S*, 57 F. Supp. 2d 825, 833 (D. Minn. 1999) (finding that motions to stay proceedings and to compel arbitration constitute non-dispositive matters which a magistrate judge can determine pursuant to 28 U.S.C. § 636(b)(1)(A)).

¶25    The magistrate judge's act of ruling on the motion to stay the proceeding and to compel arbitration under the FAA did not consider the merits of Xavier's claims. "[I]t is for the arbitrators [, not the courts,] to rule on the merits of the parties' claims and defenses." *Interdigital Commc'ns Corp. v. Fed. Ins. Co.*, 308 Fed. Appx. 593, 596 (3d Cir. 2009); *See also AT & T Technologies v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986) (noting that in determining whether the parties have agreed to submit to arbitration, the court must avoid ruling on the merits of the underlying claims); *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 568 (1960).  Equally important, Title 4 section 123(c) of the Virgin Islands Code grants the Superior Court judge the authority to "reconsider any pretrial matter handled by the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous and contrary to law." *See* 4 V.I.C.§ 123(c).  Accordingly, we conclude that a motion to stay the proceedings and to compel arbitration is non-dispositive and not a functional equivalent of a motion to dismiss or a motion for summary judgment, because granting such a motion leaves the Superior Court with the jurisdiction to enforce the arbitration award and the magistrate division can therefore hear a motion to compel arbitration and to stay the proceedings.

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 14 of 18

### B.     Xavier's argument is waived on appeal.

¶26     Secondly, Xavier argues on appeal that Treasure Bay "waived its contractual right to arbitration by actively litigating and delaying prior to moving the Superior Court to compel arbitration and stay the proceedings." (Appellant's Br. 6.)  Xavier has waived this issue.  It is noteworthy that Xavier filed his motion opposing arbitration on June 2, 2011, arguing that Treasure Bay had waived the right to arbitrate by filing a responsive pleading and engaging in extensive pre-trial discovery.  Subsequently, on June 22, 2012—a little over one year later—the magistrate judge compelled the parties to arbitrate, ultimately rejecting Xavier's argument by concluding that there was minimal discovery in the record, that no evidence existed of considerable expenses incurred in litigating the case to that time and that the two-plus-years delay in the case was attributed to Xavier; therefore, no prejudice was incurred by him.

¶27     There are two important things which merit underscoring about Xavier's motion for reconsideration of the magistrate judge's order to compelling arbitration and staying the proceedings.  First, the motion was untimely, because it was filed well beyond the expiration of the ten-day period provided under either of the rules authorizing the motion.[2]  Second, Xavier did not contest the magistrate judge's conclusion that Treasure Bay did not waive its right to arbitrate.

---

[2] Xavier filed the motion for reconsideration premised upon Rule 7.3 of the Local Rules of Civil Procedure for the District Court of the Virgin Islands and the conclusion that this rule applied in Superior Court Proceedings, as expressed in *Golden Resorts, LLP v. Simpson*, 55 V.I. 170, 173 (V.I. Super Ct. 2011).  Treasure Bay contends that instead, Superior Court Rule 320(c)(1) governed a motion seeking reconsideration of a pretrial matter that was decided by a magistrate judge at the time of the proceedings now under review.  We need not resolve which rule would have been applicable, however, because both rules required a motion for reconsideration to be filed within ten days after the issuance of the order sought to be reconsidered.  Since Xavier's motion for reconsideration, filed on July 12, 2012, was filed approximately 30 days after the magistrate judge's order compelling arbitration and staying the Superior Court proceedings issued on June 11, 2012, it was untimely regardless of which of these rules was applicable at the time.

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 15 of 18

Importantly, Xavier conceded that conclusion, abandoned his argument that Treasure Bay waived its right to arbitrate, and later simply argued that he could not afford the cost of arbitration because of his disability, citing to the arbitration clause in the parties' consummated agreement as evidence the court could rely upon to order Treasure Bay to assume the entire cost of the arbitration. Subsequently, the parties consummated an agreement on the issue of the cost of the arbitration that was ostensibly suitable to Xavier because he thereafter consented to, and, with the representation of counsel, participated in and received the benefit of a complete hearing before the arbitrator. Significantly, Xavier has provided no argument to explicate why he admittedly agreed with Treasure Bay on the issue of the cost of arbitration and proceeded to arbitration, if he believed that Treasure Bay had waived its right for the parties to resolve their dispute via arbitration. *See Gray Holdco, Inc., v. Cassady*, 654 F.3d 444, 451 (3d. Cir. 2011) (noting that courts are reluctant to infer waiver lightly due to the strong preference to enforce arbitration contracts). Xavier has therefore waived this argument on appeal. "A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act." *Ficek v. Southern Pacific Co.*, 338 F.2d 655, 657 (9th Cir. 1964); *Fortune, Alsweet & Eldridge, Inc. v. Daniel*, 724 F.2d 1355, 1357 (9th Cir. 1983); *See also, Woolley v. Eastern Air Lines, Inc.*, 250 F.2d 86, 91 (5th Cir. 1957) (citing cases).

¶28     It is a fundamental principle that arbitration is a matter of contract, and governing doctrines in the Virgin Islands and federal jurisprudence require courts to honor the parties' expectations. *Gov't of the V.I., Dep't of Educ.*, 67 V.I. at 638 (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010)); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947 (1995); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011); *Rent-A-Center, West, Inc., v. Jackson*, 561 U.S. 63, 67 (2010); *Williams v. E.F. Hutton & Co.*, 753 F.2d 117, 119 (D.C. Cir.

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 16 of 18

1985) (recognizing that an arbitration agreement is a contract not to be rewritten by the courts for the parties); *AT&T Techs*, 475 U.S. at 650 (noting that Supreme Court of the United States recognizes a presumption of arbitrability when there is a valid arbitration clause). "A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs.*, 475 U.S. at 648. Grounded in this principle is the important recognition that "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *Id.* (quoting *Gateway Coal Co. v. United Mine Workers*, 414 U.S. 368, 374 (1974). Therefore, it follows that "when the parties have provided that a particular dispute should be settled in arbitration, rather than in litigation, a court may not override that agreement by itself deciding such a dispute." *National R. R. Passenger Corp. v. Boston & Maine Corp.* 850 F.2d 756, 759 (D.C. Cir. 1988). "[A]rbitration is matter of consent [and] it will not be imposed upon parties beyond the scope of their agreement." *U.S. Postal Service v. National Rural Letter Carriers Ass'n*, 959 F.2d 283, 287 (D.C. Cir. 1992). Moreover, to ensure that parties who bargain for binding arbitration receive the benefit of their bargain, the power of the Superior Court to vacate an arbitrator's award is restricted.[3]

---

[3] The Superior Court *may only* vacate an arbitrator's award if:

> (1) the arbitrator exceeded his or her authority in rendering the award (which may include ignoring limits in the arbitration agreement itself on issues to be arbitrated or remedies the parties agreed to make available); (2) if the award was the product of fraud, partiality, or malfeasance on behalf of the parties or the arbitrator— or if the award was predicated upon a mistake flowing from such conduct; or (3) if the arbitrator manifestly disregards the law.

*Gov't. of the V.I. Dep't of Educ.*, 67 V.I. at 639 (emphasis added).

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 17 of 18

¶29    We reach this conclusion taking into consideration that the purpose of arbitration is to provide a quick and inexpensive means to resolve claims and acknowledging the strong public policy favoring arbitration and the enforcement of arbitral awards. *See Painewebber Inc., v. Faragalli*, 61 F. 3d 1063, 1068-69 (3d Cir. 1995) (citing *Gavlik Const. Co. v. H. F. Campbell Co.*, 526 F .2d 777, 783 (3d Cir. 1975) (quoting *Carcich v. Rederi A/B Nordie*, 389 F .2d 692, 696 (2d Cir. 1968)) (noting that arbitration is a favored policy for resolution of disputes in the Virgin Islands). The purposes of arbitration would be disserved if Xavier were allowed to consent to and participate in arbitration, presumably with the expectation of a favorable arbitral award, and subsequently be allowed to invoke the argument that the magistrate judge erred in compelling the parties to arbitration as a basis for vacating an unfavorable award and relitigating the case for a more favorable decision. *See Krattenstein v. G. Fox & Co.*, 236 A.2d 466, 470 (Conn. 1967). "[I]t is for the arbitrators [, not the courts,] to rule on the merits of the parties' claims and defenses." *Interdigital Commc'ns Corp. v. Fed. Ins. Co.*, 308 Fed. Appx. 593, 596 (3d Cir. 2009); *See also AT & T Technologies*, 475 U.S. at 649 (noting that in determining whether the parties have agreed to submit to arbitration, the court must avoid ruling on the merits of the underlying claims); *United Steelworkers of America*, 363 U.S. at 568; *see also Messa v. State Farm Ins. Co.*, 641 A.2d 1167, 1170 (Pa. Super. Ct. 1994). Moreover, "by consenting to binding arbitration parties relinquish the legal and procedural safeguards that accompany judicial proceedings." *Gov't of the V. I., Dep't of Educ.*, 67 V.I. at 639 (citing *Doe v. Central Ark. Transit*, 900 S.W.2d 582, 584 (Ark. Ct. App. 1995)).

*Xavier v. Treasure Bay V.I. Corp. d/b/a Divi Carina Bay Casino*
S. Ct. Civ. No. 2020-0014
Opinion of the Court
Page 18 of 18

## IV.    CONCLUSION

¶30    Because the Magistrate's Division did not err when it granted Treasure Bay's motion to

compel arbitration and to stay the proceedings, which is a non-dispositive motion, and Xavier has

waived his argument on appeal, we affirm the Superior Court's January 27, 2020 order.

**DATED this 25th day of March 2024.**

**IVE ARLINGTON SWAN**
**Associate Justice**

**ATTEST**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** _____
**Deputy Clerk**

**Dated:** March 25, 2024